**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

**CIVIL ACTION NO. 04-459-JBC**

**DONNA OSBORNE,**                                                                **PLAINTIFF,**

**V.**                            **MEMORANDUM OPINION AND ORDER**

**JO ANNE BARNHART, COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION,**                                  **DEFENDANT.**

**\* \* \* \* \* \* \* \* \* \***

The plaintiff, Donna Osborne, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying Disability Insurance Benefits. The court referred this action to United States Magistrate Judge James B. Todd, who issued Proposed Findings of Fact and Recommendation, to which the plaintiff filed objections. When the parties to an action submit objections to the magistrate judge's report and recommendation, the district court reviews the record *de novo*. 28 U.S.C. § 636(b)(1)(C). The court, having reviewed the record and being otherwise sufficiently advised, will accept the magistrate judge's report and recommendation and will affirm the Commissioner's decision.

**Plaintiff's Objections to Magistrate Judge's Report and Recommendation**

The plaintiff objects to the magistrate judge's report and recommendation, arguing that the ALJ's contradictory statements were not harmless error, that the ALJ improperly rejected the plaintiff's subjective complaints of back pain, and that the ALJ

improperly rejected the treating physicians' opinions.  Each of the plaintiff's arguments is discussed below.

**A.      Contradictory Statements**

The ALJ's allegedly contradictory statements regarding the plaintiff's ability to return to her past relevant work ("PRW") were, at most, harmless error.  In Section D of his decision, the ALJ found that the plaintiff can return to her PRW as a nurse's aide.  Later in the decision, under "Findings"at number 7, the ALJ stated that the plaintiff is "unable" to perform any of her PRW.  As the magistrate judge noted in his Report and Recommendation, the seeming inconsistency was simply harmless error; the plaintiff's substantial rights were not affected by it.  In his decision, the ALJ explained his finding that the plaintiff could return to her PRW.  Since reversal and remand would be futile, it is not required. *Illinois v. ICC*, 722 F.2d 1341, 1349 (7th Cir. 1983) *cited by* Fisher *v. Brown*, 869 F.2d 1055, 1057 (7th Cir. 1989).

The ALJ found that transferability of skills was not an issue because the plaintiff could return to her PRW.  The plaintiff argues that this finding was erroneous.  Since the plaintiff could return to her PRW, it was not an issue and there is no need to consider whether the plaintiff has transferable skills.

**B.      Subjective Complaints of Back Pain**

The plaintiff argues that the ALJ improperly discounted her subjective complaints of back pain solely because she did not mention it to the Estill County Health Department.  The ALJ listed several reasons for his decision, not just that the

plaintiff failed to complain about her back at one medical appointment. Credibility determinations regarding the subjective complaints of the claimant rest in the discretion of the ALJ. *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). The ALJ's determination is supported by substantial evidence. In addition to noting that the plaintiff did not mention her back pain during a medical examination, he noted that the medical evidence did not support the symptoms and that the broad range of daily activities in which she engaged "undercut" her allegations.

**C.     Treating Physician Rule**

The plaintiff argues that the ALJ violated the SSA's treating physician rule. This argument is unpersuasive.

Generally, a treating physician's opinion is entitled to considerable weight. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) citing *King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984). Pursuant to the Social Security Administration's "treating source" regulation, an ALJ gives more weight to opinions from treating sources. 20 C.F.R. § 404.1527(d)(2). An ALJ must give the opinion of a treating source controlling weight if he finds the opinion "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record." *Id.* However, the ALJ "is not bound by the conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation." *Buxton*, 246 F.3d at 544.

None of the plaintiff's treating physicians assessed the effect that her impairments had on her ability to perform work-related activities.  While the reports contain objective medical evidence and diagnoses of different conditions, said evidence does not support the plaintiff's claim for disability.  Rather, the test results support the ALJ's findings regarding the plaintiff's RFC, as does the report from the consultative examination.  Accordingly,

**IT IS ORDERED** that the Proposed Findings of Fact and Recommendation of the magistrate judge (DE 14) is **ADOPTED** as the opinion of the court.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (DE 7) is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment (DE 9) is **GRANTED**.

Signed on August 7, 2005



JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY